IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dontelle D. Cannon, <br><br> Petitioner, <br><br> v. <br><br> Kenneth Nelson, Warden S.C.D.C., <br><br> Respondent. | C/A No. 1:22-cv-1066-JFA-SVH <br><br><br> **ORDER** |

Petitioner Dontelle D. Cannon, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On April 1, 2022, Petitioner filed the instant Petition and a Motion to Suspend Habeas Corpus and Grant Leave to Return to the Lower Court to Exhaust on Unexhausted Grounds. (ECF Nos. 1 & 3). On July 26, 2022, Respondent Warden Kenneth Nelson filed a Motion for Summary Judgment. (ECF No. 18). On this same day, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal and summary judgment procedures and the possible consequences if he failed to respond. (ECF No. 19). Petitioner requested and the Magistrate Judge granted Petitioner's first and second motions for extension of time, making his Response in Opposition due by November 25, 2022. (ECF Nos. 22 & 26).

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Petitioner failed to respond to the motion. Thereafter, the Magistrate Judge

1

assigned to this action[1] issued a thorough Report and Recommendation ("Report"). (ECF No. 29). Within the Report, the Magistrate Judge recommends this action be dismissed with prejudice for Petitioner's failure to prosecute pursuant to Federal Rule of Civil Procedure 41. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on December 5, 2022. *Id.* The Magistrate Judge required Petitioner to file objections by December 19, 2022. Petitioner failed to file objections or otherwise address Respondent's motion for summary judgment. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge correctly concluded that this action should be dismissed with prejudice due to Petitioner's failure to respond in any way to the instant Motion or the Report. Accordingly, this Court adopts the Magistrate Judge's Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Recommendation (ECF No. 29). Because the Undersigned adopts the recommendation to dismiss for failure to prosecute, Respondent's Motion for Summary Judgment need not be addressed and is dismissed as moot. (ECF No. 18). Additionally, Petitioner's Motion to Suspend Habeas Corpus is denied. (ECF No. 3).

Therefore, this action is dismissed with prejudice. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

January 17, 2023                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."